**STATE of Missouri, (Respondent),**

v.

**Carl WOOD, Jr., (Appellant).**

**No. WD 34614.**

Missouri Court of Appeals,
Western District.

Nov. 22, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Dec. 28, 1983.

J. Armin Rust, Regional Public Defender, Lexington, for appellant.

William K. Haas, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and CLARK and MANFORD, JJ.

CLARK, Judge.

Carl Wood was charged with the offense of assault in the second degree by means of a dangerous instrument. In a hearing immediately before trial, the court found Wood to be a prior offender and therefore subject to sentence by the court. Trial was thereafter had before a jury which was instructed, not only on the elements of the offense, but on the applicable ranges of punishment. A verdict of guilty together with a sentence of two years was returned. The court imposed a sentence of five years.

On this appeal, Wood raises four points, none of which questions the sufficiency of the evidence to support the conviction. We therefore note only that the charge against Wood arose out of a tavern altercation. A dispute inside the bar was continued outside by an exchange of blows and scuffling. Wood drew a knife and threatened to kill one of the combatants. Pursued by Wood, the intended victim took refuge in the tavern emerging only after the police arrived.

In his first point, Wood contends it was error for the trial court to instruct the jury on punishment after finding Wood to be a prior offender and therefore not subject to

sentencing by the jury. He also observes that the instruction on punishment as given was erroneous because the alternate of a term in the county jail was omitted.

At the time this case was tried, MAI–CR2d 2.60 and related *Notes on Use* mandated that the jury be instructed on punishment in all cases of Class C or D felonies, whether the instruction was requested or not. Section 557.036.2(2), RSMo Supp.1981, also effective as of the date when this case was tried, provides that the jury shall be instructed on punishment only where the defendant has not requested imposition of sentence by the court and where there has been no proof that the defendant is a prior, persistent or dangerous offender. Complementing this statutory format, § 557.036.5, RSMo Supp.1981 directs that no advisory verdict be secured from the jury in cases of prior, persistent or dangerous offenders.

Belatedly, MAI–CR2d 2.60 and the related *Notes on Use* were withdrawn by the Supreme Court effective June 1, 1983. Before that date and subsequent to September 28, 1981 when the revision to § 557.036 became effective, trial courts were confronted with the dilemma of a conflict between MAI–CR2d and the statute. Here, the court chose to give MAI–CR2d 2.60 as the *Notes on Use* required. Wood contends this was error and that he suffered prejudice because the jury was misled to believe that sentence would be imposed in accordance with the verdict they returned.

■ There can be no doubt that the instruction given in this case was in violation of the statute and was therefore erroneous. We are constrained, however, by prior authority to hold that the erroneous instruction was not prejudicial.

In *State v. Hunter,* 586 S.W.2d 345 (Mo. banc 1979), the defendant was prosecuted under the former Second Offender Act, § 556.280, RSMo 1969. The jury was instructed as to punishment and Hunter on appeal raised essentially the same proposition fielded here by Wood. Hunter argued that his constitutional right to trial by jury was infringed when the jury was misinformed that the length of imprisonment would be that which the jury assessed. The court agreed that the instruction was erroneous but found no prejudice. This conclusion was reached on the ground that the jury first considers the issue of guilt before turning to the matter of punishment and therefore misdirection as to punishment affects the jury only after a decision to convict has been reached.

The dissent in *Hunter* points out that realistically, the issues of guilt and punishment are often interrelated in jury compromises, particularly where several grades of offenses are submitted for consideration. In *Hunter,* the issue was the value of the property stolen—more or less than $50.00. In the present case, the offense by Wood was a felony if he attempted to cause injury to the victim. If, however, the victim was placed in apprehension of injury, the offense was a misdemeanor. The dissent in *Hunter* postulates that the jury may well have been disposed to return a verdict as to the lesser charge had they known that their minimum sentence would be increased by the court to the maximum.

Much the same situation prevailed in the present case. While the jury did convict Wood of the felony, it returned the minimum punishment on which they had been instructed. The court then increased the punishment to the maximum. Whether the jury would have returned a different verdict if given correct information as to imposition of sentence is no more than speculation, but so too is the assumption that the erroneous instruction on punishment had no effect on the jury verdict. Regardless of these reservations, however, the facts of the case here are not distinguishable from those in *Hunter.* We are bound by the decision in that case and must therefore rule that Wood suffered no prejudice and is entitled to no relief by reason of the instruction error. It also follows, of necessity, that error in the content of the instruction which

omitted mention of a possible term of confinement in the county jail was likewise without prejudicial effect.

In his second point, Wood contends a statement given by him to the police was erroneously admitted in evidence and should have been suppressed because taken in violation of his right to be free from subsequent interrogation as explicated in *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). Wood contends he indicated an intention to remain silent when, on the night of the arrest, he told the officers "he hadn't done anything."

The record made on the point confirms that Wood was informed of his rights to counsel and to remain silent and, before making the statement quoted above, he signed a waiver. The following afternoon, Wood was again informed of his rights, signed another waiver and then gave the written statement now in question.

The point is unavailing because the subsequent interrogation did not follow any expression by Wood which could be construed as a refusal to give information. The most which can be said of Wood's remark is that he disavowed any criminal conduct. A declaration of innocence, like an assertion of lack of knowledge of the crime, does not of itself amount to an invocation of the right to remain silent. *State v. Pollock,* 603 S.W.2d 614, 620 (Mo.App.1980).

In his next point, Wood asserts that the prosecution against him should have been dismissed because he was not brought to trial within 180 days of his arraignment on September 18, 1981. Trial actually commenced August 27, 1982. The issue turns on what periods of the delay are excludable.

The case was first set for trial February 9, 1982. When Wood failed to appear for a pre-trial conference on February 8, 1982, a capias warrant issued. He was apprehended and taken into custody April 30, 1982. Trial was next scheduled for July 7, 1982, but on June 1, 1982, Wood's attorney moved to withdraw and on June 29, 1982 moved for a continuance of the July 7, 1982 trial date. The motions were granted on July 1, 1982 and trial was reset for August 27, 1982. The court's order made at that time stated that the ends of justice were served by granting the continuance because the defendant had need for a transcript of evidence at the preliminary hearing, which transcript had not yet been prepared by the court reporter.

A substantial body of law has evolved from a series of criminal appeals in which defendants have claimed entitlement to relief under § 545.780, RSMo 1978. The defendant initially has the burden of showing that more than 180 computable days elapsed between arraignment and trial and that failure to bring him to trial in the allowable period was occasioned by the state. *State v. Hawkins,* 645 S.W.2d 739, 741 (Mo.App.1983). Where the defendant has filed pre-trial motions and the pendency of the motions has affected the setting of the case for trial, it is the defendant's burden to show that the state caused or contributed to cause the delay in disposition of the motions. *State v. Ratliff,* 633 S.W.2d 267, 270 (Mo.App.1982). Continuances granted at the request of or occurred in by the defendant are not to be included in computation of the speedy trial period if the trial court finds that the ends of justice are served by granting the continuance, § 545.780.3(5)(a), RSMo 1978, or if the continuances inure to the benefit of the defendant. *State v. Reed,* 640 S.W.2d 188, 192 (Mo.App.1982).

In the present case, Wood's original trial was set 144 days after his arraignment, but trial was aborted when it was found that Wood had absconded. The period from February 8, 1982 until April 30, 1982 is therefore excluded under § 545.780.-3(2), RSMo 1978. So too is a reasonable period of time thereafter also excluded on the ground that the trial court could not be expected to void its calendar to commence

trial the day following the re-arrest of Wood, nor could the state be expected to be prepared for trial without notice. The trial setting of July 7, 1982 in effect added 32 days of delay beyond the 180 days of computable time, the only excuse for which would be the absence of Wood from the first scheduled trial.

 Whether this delay may be excused could pose a close question in an area not defined by explicit guidelines, but under the facts here, the question need not be addressed. The motion by Wood's attorney to withdraw filed June 1, 1982 was within the 180 days of computable time and operated to suspend the running of computable time as provided in § 545.780.3(1)(c) for the required period needed to dispose of the motion. Thereafter, and before the issue of withdrawal by counsel was ruled, Wood moved for a continuance from the July 7, 1982 trial setting. The motion was granted, trial was rescheduled for August 27, 1982 and the court made the findings noted above in compliance with § 545.780.3(5)(a), RSMo 1978. As a consequence, the trial which commenced August 27 was within 180 days of Wood's arraignment after deducting from actual elapsed time periods excludable under the statute.

In his final point, Wood asserts that the jury instruction given on the lesser included offense of assault in the third degree was in error because it failed to state correctly the elements of the offense. Wood is correct in his contention that the instruction was erroneous, but the defective instruction was not prejudicial and constitutes no basis for a reversal of the conviction.

There is no reversible error in the giving of an instruction on a lesser grade of an offense when the jury has found the defendant guilty of a higher grade of that offense unless an error exists in the former instruction which prevents the jury from convicting on the lesser grade. *State v. McIlvoy*, 629 S.W.2d 333, 339 (Mo. banc 1982). The jury here convicted Wood of assault in the second degree. The error in the instruction on third degree assault lay characterization of the knife used by Wood as a "non-dangerous" weapon. The defect had no bearing on issues relevant to conviction for the higher grade offense and, thus, Wood is not entitled to reversal of the conviction on this account.

The conviction and sentence are affirmed.

All concur.