**STATE of Missouri, Plaintiff-Respondent,**

v.

**Leonard COOPER, Defendant-Appellant.**

**No. 49384.**

Missouri Court of Appeals, Eastern District, Division Four.

May 27, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 1, 1986.

Laurence G. Schmidt, Public Defender, David R. Crosby, Asst. Public Defender, Hillsboro, for defendant-appellant.

William L. Webster, Atty. Gen., Voctorine R. Mahon, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SATZ, Judge.

Defendant, Leonard Cooper, was found guilty by a jury of four crimes: escape from confinement, armed criminal action in effecting that escape, aiding the escape of another prisoner and armed criminal action in perpetrating that crime. The court found defendant to be a persistent and dangerous offender and orally sentenced him to life on the charge of escape, ten years on the charge of aiding the escape of another and twenty years on each charge of armed criminal action. The life sentence, the ten year sentence and one of the twenty year sentences were to be served consecutively. The other twenty year sentence was to be served concurrently with the first twenty year sentence. Defendant appeals. We affirm in part and reverse in part.

In October 1983, defendant was confined in the St. Charles County Jail along with Alfred Howenstreet. Defendant had been convicted of first degree robbery and armed criminal action and was awaiting sentence. Howenstreet was being held on a charge of capital murder. On the pretext of returning cleaning equipment, defendant walked from the cell area of the jail into the booking area. There, defendant pulled out a piece of metal, about six inches in length and sharpened at one end. Defendant used this instrument to threaten one of the deputy sheriffs on duty. A struggle ensued. During this struggle, Howenstreet entered the booking area, armed with a similar weapon, and grabbed the deputy around the neck. The deputy was subdued and then locked into one of the cells. Defendant and Howenstreet reentered the booking area, handcuffed another deputy on duty and then fled. Defendant was captured approximately two hours later.

Defendant attacks the verdict director submitted to the jury on his charge of escape from confinement. He contends the instruction omitted an essential element—whether defendant used a dangerous instrument to escape.

■ Escape from confinement is a misdemeanor unless the person who escapes did so by means of a deadly weapon or dangerous instrument or was being held on a felony charge. Under the former circumstance, the escape is elevated to a class A felony. Under the latter, the offense is elevated only to a Class D felony.[1]

The court instructed the jury under the approved instruction for escape from confinement, MAI–CR2d 29.74. The submitted instruction read:

> As to Count I, if you find and believe from the evidence beyond a reasonable doubt that on October 31, 1983, in the County of St. Charles, State of Missouri,

1. Section 575.210, RSMo 1978 reads:

   1. A person commits the crime of escape from confinement if, while being held in confinement after arrest for any crime, or while serving a sentence after conviction for any crime, he escapes from confinement.
   2. Escape from confinement is a Class A misdemeanor except that it is:

   (1) A class A felony if it is effected by means of a deadly weapon or dangerous instrument or by holding any person as hostage;
   (2) A class D felony if:
   (a) The person escapes while being held on a felony charge or while serving a sentence after conviction of a felony; or
   (b) The escape is facilitated by striking or beating any person.

the defendant was being held in confinement after arrest for robbery in the first degree and armed criminal action, and escaped from confinement, then you will find the defendant guilty under Count I of escape from confinement.

As can readily be seen, this instruction limited the jury to finding defendant guilty of a class D felony—escape from confinement while being held on a felony charge. The pattern instruction, MAI–CR2d 29.74, however, provides an additional paragraph for permitting the jury to find the escape was effected by means of a deadly weapon or dangerous instrument, which, by law, would elevate the escape to a class A felony. But this additional paragraph, as written, also requires the jury to assess punishment within the appropriate range:

> But if you find the defendant guilty of escape from confinement and further find and believe from the evidence beyond a reasonable doubt that the defendant's escape was effected (by means of a (deadly weapon) (dangerous instrument)) (by holding [name(s) of hostage(s)] as hostage), you will assess and declare the defendant's punishment:
> 1. At life imprisonment, or
> 2. At imprisonment for a term fixed by you, but not less than ten years and not to exceed thirty years.

■ Since defendant here was found to be a persistent and dangerous offender, the trial court alone was vested with the responsibility of assessing punishment. § 557.036, RSMo Supp.1984. Thus, not only was there no need to instruct the jury on punishment, *see State v. Gilbert*, 636 S.W.2d 940, 944 (Mo. banc 1982), it would have been error to do so, *see State v. Wood*, 662 S.W.2d 876, 878 (Mo.App.1983). Rather than modify the pattern instruction by eliminating only the punishment portion, the court eliminated the paragraph in its entirety. Simply stated, the instruction submitted nothing more than escape from confinement as a class D felony.

Nonetheless, in the face of this finding, the court still sentenced defendant to life imprisonment, a punishment well beyond the range of punishment for a class D felony. The state argues the omission of the paragraph in question was not error because the paragraph simply dealt with punishment and, therefore, was irrelevant to the determination required of the jury. We are aware of a similar holding and teaching by this Court in *State v. Shirley*, 657 S.W.2d 686, 688 (Mo.App.1983). We need not follow it here.

■ If it were error to omit the element of using a dangerous instrument from the instruction, the error was cured by another instruction. The jury also found defendant guilty of armed criminal action in effecting his escape, and, under the armed criminal action instruction, the jury necessarily found the escape was committed by using a dangerous instrument. Reading the instructions together, any error that may have occurred was not prejudicial. *See, e.g., State v. Boggs*, 634 S.W.2d 447, 455 (Mo. banc 1982).

Defendant also argues the verdict directors submitted on the two counts of armed criminal action failed to follow the proper MAI format. The pertinent part of the pattern instruction on armed criminal action, MAI–CR2d 25.02.1, states:

> If you find and believe from the evidence beyond a reasonable doubt:
> First, that the defendant is guilty under Count _____ of ([name of the offense, if it is a felony under all circumstances]) ([name of the offense, and if it is a misdemeanor under some circumstances and a felony under other circumstances, include the circumstances making it a felony]),....

The submitted instructions, which tracked one another, read:

### Instruction No. 6

[I]f you find and believe ...:

First, that the defendant is guilty under Count I of escape from confinement, and

Second, that the defendant committed that offense by, with or through the

use, assistance or aid of a dangerous instrument,....

Since neither of the submitted instructions informed the jury of those circumstances which elevate the crimes of escape, Count I, and aiding an escape, Count III, from misdemeanors to felonies, defendant contends the instructions failed to submit an essential element of the offense of armed criminal action. We disagree. In the present case, the jury did not need to be so informed.

■ The offense of armed criminal action is committed when certain *felonies* are committed "by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon...." § 571.015, RSMo 1978. Thus, the underlying crime must be a felony. However, when the underlying crime is a misdemeanor which can be elevated to a felony, the jury may first be required to find whether that crime was a misdemeanor or a felony. It is in this instance the related pattern armed criminal action instruction requires the jury be informed of those facts which raise the underlying crime from a misdemeanor to a felony. This requirement precludes the jury from finding the crime of armed criminal action when it also finds the underlying crime was a misdemeanor. Thus, the requirement urged by defendant here must be met only when the underlying charge was submitted to the jury to determine whether it was a misdemeanor or a felony.

The underlying charges here were charged and submitted as felony offenses. Thus, the jury was not called upon to determine whether these offenses were misdemeanors or felonies. The instructions on the underlying crimes defined felonies, nothing more. Consequently, as far as these crimes are concerned, the jury was instructed to find felonies were committed or to acquit defendant. Therefore, the jury could only have considered the armed criminal action offenses in relation to felonies. This is exactly what MAI–CR2d 25.02 is designed to accomplish.

Defendant next contends the imposition of sentences on the two counts of armed criminal action was, in effect, the imposition of multiple punishments for the same offense in violation of the Double Jeopardy Clause and the Fourteenth Amendment to the United States Constitution. We disagree.

■ When the state legislature defines a crime and its punishment, the Double Jeopardy Clause, applicable to the states through the Fourteenth Amendment, prevents the imposition of a punishment greater than the state legislature intended. *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983); *State v. Harvey*, 648 S.W.2d 87, 90 (Mo. banc 1983); *State v. Van Doren*, 657 S.W.2d 708, 714–15 (Mo.App.1983). The Double Jeopardy Clause, standing alone, does not preclude cumulative punishments for acts committed on a single victim or in a single transaction. *See State v. Van Doren*, 657 S.W.2d at 715. If the legislature specifically authorized the penalties, the punishments are not improperly cumulative. *Missouri v. Hunter*, 459 U.S. at 368–69, 103 S.Ct. at 679. *See also* Thomas, *Multiple Punishments for the Same Offense: The Analysis After Missouri v. Hunter or Don Quixote, The Sargasso Sea, and the Gordian Knot*, 62 Wash.U.L.Q. 79, 110–11 (1984).

■ By enacting the armed criminal action statute, § 571.015, RSMo 1978, our state legislature has specifically authorized the imposition of cumulative sentences in a single trial when a felony has been committed by means of a dangerous instrument or deadly weapon. *Missouri v. Hunter*, 459 U.S. at 368, 103 S.Ct. at 679. *See also* § 571.017 RSMo Supp.1984; Thomas, *supra*, at 106. Each time a dangerous instrument is employed to effectuate certain felonies, the crime of armed criminal action is committed.[2] Here, defendant was charged and convicted of two underlying felonies— escape and aiding the escape of a prisoner.

**2.** The armed criminal action statute does not apply to those felonies defined in §§ 564.- 590, .610, .620, .630 and .640, RSMo, none of which are applicable here.

Each of these felonies is distinct and separate. *See* § 575.210 and § 575.230, RSMo 1978. Defendant admits this. To perpetrate each of these felonies, defendant used a dangerous instrument. Defendant, therefore, was charged and convicted of two counts of armed criminal action. These charges and convictions are proper. Multiple charges are permissible and proper if the defendant has committed separate crimes. *E.g., State v. Lint,* 657 S.W.2d 722, 725 (Mo.App.1983).

Defendant contends, however, "[i]t is not crystal clear ... the Missouri Legislature intended multiple punishments on multiple counts of armed criminal action for the same incident." Defendant bases his contention on the legislative pattern of escalating punishment for those who have committed a second, third or subsequent offense of armed criminal action. *See* § 571.-015.2–.3, RSMo 1978. This pattern is nothing more than the expression of legislative intent to deter the use of dangerous instruments or deadly weapons in the perpetration of crimes. To us, subjecting defendant to cumulative penalties for multiple felonies committed through the use of a dangerous instrument or deadly weapon simply carries out and is consistent with this intent and the statutory scheme.

Finally, defendant attacks the multiple sentences as entered of record. The trial court orally sentenced defendant on his multiple convictions in this case to a total time of life imprisonment plus thirty years. The trial court, however, did not state whether these multiple sentences were to run consecutively to or concurrently with any other sentence defendant was then serving.[3] Nonetheless, the docket entry made by the court on the same day stated the multiple sentences orally pronounced in this case were to "be consecutive to any prior sentences the defendant may have received...." Relying on Rule 29.09, defendant argues the present sentences should run concurrently with the sentence he was already serving, and the trial court's record should be changed to reflect this.[4] We agree.

Rule 29.09 states:

The court, when pronouncing sentence, shall state whether the sentence shall run consecutively to or concurrently with sentences on one or more offenses for which defendant has been previously sentenced. If the court fails to do so at the time of pronouncing the sentences, the respective sentences shall run concurrently.

The "previously sentenced" language of Rule 29.09 may, as defendant argues, refer to those sentences which a defendant is already serving at the time of pronouncement in another trial. Based upon the reference to the "pronouncing [of] sentences" rather than a single sentence in the second portion of the Rule, however, it is equally arguable that Rule 29.09 only applies to multiple sentences imposed at the same trial.[5] We need not choose one interpretation over the other, for the choice makes no difference here.

■■■■ The law in Missouri has long been settled on this issue. When a subsequent sentence contains no direction that it run consecutively to a prior sentence the defendant is already serving, the subse-

---

3. The record shows the defendant was serving a life sentence for first degree robbery with a consecutive 75 year sentence for armed criminal action. The record is unclear as to whether defendant was serving any other sentences.

4. Defendant does not attack this sentence as being too indefinite and vague, and, thus, we do not reach that issue here.

5. Rule 29.09 apparently was promulgated to remedy the situation created by *State v. Baker,* 524 S.W.2d 122 (Mo. banc 1975). *State v. Baker* declared § 546.480, RSMo 1969, a mandatory

consecutive sentence statute, to be unconstitutional. *See* 524 S.W.2d at 130–31.

Rule 29.09 may merely track § 558.026.1, RSMo Supp.1984 and deal solely with multiple sentences imposed in the same trial. Section 558.026 reads in part:

Multiple sentences of imprisonment shall run concurrently unless the court specifies that they shall run consecutively;....

Our colleagues in the Western District believe § 558.026.1 applies to both imposition of multiple sentences in the same trial and a sentence imposed in a previous trial. *See State v. White,* 646 S.W.2d 804, 808 (Mo.App.1982).

quent sentence is to be served concurrently. *See, e.g., Forbes v. Haynes,* 465 S.W.2d 485, 491 (Mo. banc 1971). *See also Anthony v. Kaiser,* 350 Mo. 748, 169 S.W.2d 47, 50 (1943). Thus, the multiple sentences as orally pronounced in the present case should be served concurrently with any sentence of defendant imposed in a prior case.

Admittedly, the trial court had an inherent right to modify its sentence before it became effective. *State v. Burroughs,* 559 S.W.2d at 43. In criminal cases, different than in civil cases, this means the trial court can amend its oral pronouncement of sentence only until it is reduced to written judgment. *State v. White,* 646 S.W.2d 804, 809 (Mo.App.1982); *State v. Burroughs,* 559 S.W.2d at 43. Until that time, the trial court retains jurisdiction over the defendant and can call him back for resentencing. *State v. White,* 646 S.W.2d at 808–09. *See also State ex rel. Wagner v. Ruddy,* 582 S.W.2d 692, 695 (Mo. banc 1979).

The trial court did not, however, have the defendant return to court for resentencing or for clarification of its original oral pronouncement before the sentence, or the "judgment," was entered of record. Instead, the trial court merely made the amendment in the docket entry. The court, in effect, increased defendant's multiple sentences by causing them to run consecutively to and not concurrently with his prior sentence, without defendant being present when the punishment was increased. The trial court was without power to modify defendant's multiple sentences in this manner. A defendant has a right to be present at the time of sentencing. We need not detail the history of this right. Defendant's historical right to be present at sentencing is now specifically expressed in our state statutes and court rules. *See* Sections 546.550–.570, RSMo 1978; Rule 29.07(b)(1), (2).[6] Consequently, the trial court still had to pronounce the increase of defendant's multiple sentences in the presence of the defendant to make that increase a valid sentence. *See State v. Burroughs,* 559 S.W.2d at 43. *See also United States v. Munoz-Dela Rosa,* 495 F.2d 253, 256 (9th Cir.1974); *State v. White,* 646 S.W.2d at 808–09.

Without defendant being present, the trial court had authority to enter only the multiple sentences as orally pronounced. This authority must be strictly limited. " 'The possibility of abuses inherent in broad judicial power to increase sentences outweighs the possibility of windfalls to a few prisoners.' " *Munoz-Dela Rosa,* 495 F.2d at 255. Therefore, defendant's multiple sentences imposed in this case must be served concurrently with any previous sentence he was already serving. *See Plant v. State,* 608 S.W.2d 91, 91 (Mo.App.1980).

We affirm the judgment insofar as it reflects the oral pronouncement of the multiple sentences imposed on the convictions in the present cause. We remand this cause and direct the trial court to amend the remainder of its judgment to conform with this opinion.

CRANDALL, P.J., and PUDLOWSKI, J., concur.

---

**6.** Modification of a defendant's sentence made in his absence may violate the defendant's right to protection from double jeopardy. *See* A. Campbell, *Law of Sentencing* § 78, at 258 (1978).