STATE of Missouri, Respondent,

v.

Dennis N. BULLOCH, Appellant.

No. WD 46001.

Missouri Court of Appeals,
Western District.

Oct. 13, 1992.

Arthur S. Margulis, Clayton, for appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, C.J., and BERREY and BRECKENRIDGE, JJ.

BERREY, Judge.

The appellant herein, Dennis N. Bulloch, was convicted by a jury of second degree arson and tampering with physical evidence. Judge Conley sentenced appellant to seven years imprisonment on the arson charge and five years on the tampering charge, ordered the tampering sentence to run consecutively to the arson charge and the involuntary manslaughter conviction that appellant received in St. Louis county. The judge did not specify how the arson conviction was to run.

The appellant appealed both convictions and this court reversed the conviction of tampering with physical evidence and ordered the appellant discharged. *State v. Bulloch,* 826 S.W.2d 83 (Mo.App.1992).

On February 26, 1992, less than one month after this court reversed the tampering with physical evidence verdict and ordered appellant discharged, on motion by the state, the trial judge entered a nunc pro

tunc order causing the arson conviction entered October 9, 1990, to run consecutively to the involuntary manslaughter conviction appellant received months earlier in St. Louis County. The appellant appeals the trial court amending his sentence by using a nunc pro tunc order.

The court's nunc pro tunc order reads as follows:

NOW ON THIS 26th day of February, 1992, pursuant to request to correct sentence by order Nunc Pro Tunc, Court orders that sentence imposed in this case [arson] which at the time of sentencing was pronounced prior to sentence in cause # CR0190–026005F [tampering with physical evidence] be corrected to provide that this sentence be served consecutively with sentence in cause # CR190–026005F and consecutively with cause from St. Louis County, Missouri. Clerk to furnish Certified copy to Attorney General, Prosecuting Attorney of St. Louis County and Attorney for Defendant.

Appellant alleges two points of trial court error: (1) The court erred in amending the sentence nunc pro tunc, because nunc pro tunc may be used only to correct a scrivener's error, and (2) The court may not change the sentence once it is reduced to writing because the court failed to recall appellant to pronounce the amended sentence prior to making it a written order.

Before addressing appellant's points relied on the court deems it beneficial to set forth the complete scenario of this cause.

In May 1986, Julia Bulloch, wife of appellant was found, by fire fighters, dead in her garage that had been consumed by fire. The state charged appellant with first degree murder and arson. The prosecuting attorney sought the death penalty and the arson charge was severed. The jury acquitted appellant of first degree murder but found him guilty of involuntary manslaughter. The court sentenced appellant to seven years and no appeal was taken. Under most circumstances this would have ended the matter. The prosecuting attorney then sought to charge appellant with armed criminal action arising out of the same offense and was prohibited from this course of conduct by a writ of prohibition made permanent in *State ex rel. Bulloch v. Seier*, 771 S.W.2d 71 (Mo. banc 1989), *cert. denied*, 493 U.S. 1019, 110 S.Ct. 718, 107 L.Ed.2d 738 (1990).

The Bulloch saga does not end here. The state then filed separate charges of arson and tampering with physical evidence and the case was tried in Cape Giradeau County on a change of venue. The appellant was convicted on both counts and appealed. His convictions were reversed in *State v. Bulloch*, 785 S.W.2d 753 (Mo.App. 1990). The prosecuting attorney therein made improper and direct comments about appellant's failure to testify.

The state continued in its efforts to convict appellant of arson and tampering with physical evidence.

The prosecuting attorney of St. Louis County once again charged appellant with second degree arson and tampering with physical evidence and the cause was transferred on a change of venue this time to Boone County, where it was ultimately tried and the appellant was again convicted. The appellant appealed the convictions of second degree arson and tampering with physical evidence. On January 28, 1992, this court reversed the tampering conviction and discharged the appellant. At this juncture the state, on February 26, 1992, moved the court to enter a nunc pro tunc order causing the sentence in the second degree arson conviction to run consecutively to the St. Louis County sentence imposed in the involuntary manslaughter case and the court obliged. This was less than one month after this court had reversed appellant's conviction for tampering with physical evidence.

In order to savor the full flavor and continuing events of this legal case we set forth precisely what the transcript discloses. The court first pronounced sentence as to the arson conviction—the subject of this appeal.

THE COURT: On Cause No. 26004, State versus Bulloch.

Mr. Bulloch, you recall that you previously stood trial here and on August the 29th a jury returned a verdict on the

charge of arson in the second degree, and the jury at that time made a finding of guilty and recommended a form of punishment. A pre-sentence has been ordered. A Motion for New Trial has been presented to the Court.

Prosecutor appears by assistant prosecutor. Defendant appears personally and by counsel. Pre-sentence investigation received, filed and considered by Court. Motion for New Trial argued, submitted and by Court overruled. Punishment fixed at seven years Missouri Department of corrections.

Dennis Bulloch, having heretofore pled not guilty, having stood trial and having been found guilty by a jury which recommended punishment of seven years, is there any legal cause why I should not at this time pronounce judgment and sentence?

THE DEFENDANT: No, sir.

THE COURT: Hearing no legal reason, it is the judgment and sentence of this Court that you be confined in an institution to be designated by the director of the Department of Corrections for a period of seven years unless sooner discharged by due operation of law. Allocution, judgment and sentence. Defendant to receive credit—

What's the amount of jail time?

MR. MARGULIS: Judge, that's quite confusing because of the fact that he was serving time on the manslaughter charge at the time when this Indictment was brought.

Do you know, John?

MR. ROSS: I have no idea, Judge. One issue that the Court may be concerned with is whether or not, I don't know that you could run it concurrent with, but may choose to designate that it not be concurrent with the manslaughter charge. They are offenses that occurred out of the same transaction, so it is probably an issue for the Court.

THE COURT: Defendant to receive credit for jail time to date. Sheriff authorized one deputy.

Do you want me to set an appeal bond?

MR. MARGULIS: Yes, sir, and I would ask that the bond of $150,000 presently in force be allowed to remain in force.

MR. ROSS: The State is opposed to that, Judge. The State would point out to the Court the defendant's flight to California after the police began investigating him. His changing his identity. His pursuit we believe of a passport and a passport photo. So the State would ask for an increased bond.

MR. MARGULIS: Judge, he's here this morning. $150,000 bond is extremely high for a Class C felony. And I would request that it remain in effect.

THE COURT: Appeal bond fixed at $150,000. Let's see.

MR. ROSS: Judge, on that cause, the jury also recommended a fine. I don't know whether or not the Court—

THE COURT: No, I'm—

The court then pronounced sentence on the conviction for tampering with physical evidence.

And on Cause No. 26005, prosecutor appears by assistant prosecutor. Defendant appears personally and by counsel. Pre-sentence received, filed and considered by Court.

Do you want to show the motion argued, submitted?

MR. MARGULIS: Yes, sir, certainly.

THE COURT: Motion for New Trial argued, submitted and by Court overruled. Punishment fixed at five years, Missouri Department of Corrections. Said sentence to be served consecutively to sentence in Cause No. 26004 and to cause from St. Louis County.

Now, again Mr. Bulloch, the Court having heard the trial, the jury having returned a verdict of guilty and having recommended a punishment of five years, is there any legal cause why I should not at this time pronounce judgment and sentence in this cause?

THE DEFENDANT: No, sir.

THE COURT: Hearing no legal reason, it is the judgment and sentence that you be confined in an institution to be designated by the director of the Department of Corrections for a period of five years unless sooner discharged by due

operation of law. Said sentence to be served consecutively with sentence from Cause No. 26004 and to cause from St. Louis County, Missouri. Allocution, judgment and sentence. Same findings as Cause No. 26004.

Although the court specifically ordered the tampering sentence to be served consecutively to the arson sentence and the sentence on the earlier involuntary manslaughter conviction, there is no mention made during the arson sentencing as to whether it runs consecutive to or concurrent with the involuntary manslaughter conviction.

The law in Missouri is well settled on the issue of concurrent or consecutive sentences. "When a subsequent sentence contains no direction that it run consecutively to a prior sentence the defendant is already serving, the subsequent sentence is to be served concurrently." *State v. Cooper,* 712 S.W.2d 27 (Mo.App.1986)

■■■ The trial court may modify its sentence before it becomes effective. However, in criminal cases the court may amend its oral pronouncement of sentence only until it is reduced to a written judgment. *State v. White,* 646 S.W.2d 804, 809 (Mo.App.1982).

■■ Until the trial court reduces the oral pronouncement to writing it retains jurisdiction over the defendant and may call him back for resentencing.

In *Cooper* the trial court did not have the defendant in court for resentencing or clarification of his oral pronouncement before the judgment was entered. Instead, the trial court merely amended the docket entry. This caused the sentences to run consecutively and not concurrently and, in effect, increased defendant's multiple sentences without defendant being present.

In its well reasoned opinion the *Cooper* court stated: A defendant has a right to be present at the time of sentencing. We need not detail the history of this right. Defendant's historical right to be present at sentencing is now specifically expressed in our state statutes and court rules. *See* Sections 546.550–.570, RSMo 1978; Rule 29.07(b)(1), (2). Consequently, the trial court still had to pronounce the increase of defendant's multiple sentences in the presence of the defendant to make that increase a valid sentence. *See State v. Burroughs,* 559 S.W.2d [42] at 43. *See also United States v. Munoz–Dela Rosa,* 495 F.2d 253, 256 (9th Cir. 1974); *State v. White,* 646 S.W.2d at 808–09.

Without defendant being present, the trial court had authority to enter only the multiple sentences as orally pronounced. This authority must be strictly limited. "'The possibility of abuses inherent in broad judicial power to increase sentences outweighs the possibility of windfalls to a few prisoners.'" *Munoz–Dela Rosa,* 495 F.2d at 255. Therefore, defendant's multiple sentences imposed in this case must be served concurrently with any previous sentence he was already serving. *See Plant v. State,* 608 S.W.2d 91, 91 (Mo.App.1980).

*Cooper,* 712 S.W.2d at 33. (Footnote omitted).

■■■ A nunc pro tunc order may not be used to correct a judicial mistake or to render a judgment different from the judgment actually rendered. *State v. Byers,* 713 S.W.2d 13, 15 (Mo.App.1986). In the instant case it may have been the trial judge's intent to run the arson sentence consecutively to the involuntary manslaughter sentence; however, he did not express himself either verbally or by written order to elucidate this intent. The court in *State v. Williams,* 797 S.W.2d 734, 738 (Mo.App.1990), noted the rendition of the sentence controls. *Citing Plant v. State,* 608 S.W.2d 91 (Mo.App.1980), and *United States v. Raftis,* 427 F.2d 1145, 1146 (8th Cir.1970).

The state relies on *Brunton v. Floyd Withers, Inc.,* 716 S.W.2d 823 (Mo.App. 1986), which holds that an entry of a judgment may be corrected to remedy a clerical error that resulted in not accurately reflecting the judgment rendered. Such is not the fact in the instant case, as there is no clerical error. The court in *Brunton* further noted that *if an error is attributable to the exercise of judicial discretion*

*it may not be corrected nunc pro tunc* (emphasis added).

The court stated:

It is not proper to amend an order nunc pro tunc to correct judicial inadvertence, omission, oversight or error, or show what the court might or should have done as distinguished from what it actually did, or to conform to what the court intended to do but did not do.

*Id.* at 826.

■ The nunc pro tunc order may not be used based upon the judge's recollection of what took place or upon receipt of parol evidence. *Id.*

■ An order nunc pro tunc is to make the record conform to what was actually done and the entire record may be viewed to ascertain the judgment actually rendered as contrasted with the judgment entered. *Fields v. Fields*, 584 S.W.2d 163, 165 (Mo.App.1979).

After reviewing the entire record we are left with the firm impression the trial court in sentencing the appellant overlooked ordering the arson conviction to run consecutively to the involuntary manslaughter conviction. He may not now correct his oversight nunc pro tunc.

In as much as the record is silent on how the arson sentence is to run, it runs concurrently. Rule 29.09, § 558.026(1), RSMo 1986.

The cause is remanded to the trial court with directions to order the arson conviction to run concurrently with the involuntary manslaughter conviction from St. Louis county.

All concur.