**Danny Leon DRENNEN, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 67257.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 29, 1995.

Rehearing Denied Oct. 19, 1995.

Lew A. Kollias, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David G. Brown, Asst. Atty. Gen., Jefferson City, for respondent.

CRAHAN, Judge.

Danny Drennen ("Movant") was convicted of sale of a controlled substance after submitting an *Alford* plea.[1] He was sentenced to serve ten years. Movant later brought a motion to vacate, set aside or correct the judgment and sentence pursuant to Rule 24.035. After ordering that references to Movant as a "dangerous offender" inadvertently included in the judgment be expunged from the record, the court denied the motion without an evidentiary hearing. Movant appeals the denial of his Rule 24.035 motion. We reverse and remand with directions.

The facts of this case are not contested. Movant was charged with the sale of a controlled substance. Movant agreed to an *Alford* plea in exchange for the state: (1) dropping another charge; (2) not pursuing a "prior drug offender" allegation; and (3) recommending a maximum ten year sentence.

At the time of Movant's sentencing, he was already incarcerated in Perry County on another conviction. When the trial court pronounced Movant's sentence in open court, it made no mention of whether the sentence was to be served concurrently with or consecutively to the sentence imposed in Perry County. The court likewise made no mention of the issue in its written entry of sentence and judgment. The court later filed an amended entry of sentence and judgment specifying that Movant's sentence was to run consecutively to the sentence imposed in Perry County.

In his *pro se* motion pursuant to Rule 24.035, Movant claimed, *inter alia*, that:

I entered an *Alford* plea on 9–15–93, under the presentation that I was in a plea bargain agreement to plea to a 10 year cap, as a prior & persistent offender.

But the court amended a dangerous offender and also for the sentence to be run consecutive with the previous time I am under from Perry County.

I would not have entered such a plea if I would have known of these hidden amendments. "Please see plea transcripts."

As indicated above, the motion court granted partial relief on this claim and ordered the inadvertent references to Movant as a "dangerous" offender be expunged so that, in accordance with the plea agreement, the record would reflect a finding that Movant was a "prior and persistent" offender but not a "dangerous" offender. *See* § 558.016 RSMo 1994. However, the court did not address Movant's claim with respect to its amendment of the sentence to provide that it be served consecutively to the prior sentence.

On appeal, Movant urges that the trial court clearly erred in amending Movant's sentence because, pursuant to § 558.026.1 RSMo 1994, a sentence is presumed by operation of law to run concurrently with any previous sentence unless the court specifically provides otherwise in pronouncing sentence in Movant's presence. Unless the defendant is present, the trial court has authority to enter only the sentence as orally pronounced. *State v. Cooper,* 712 S.W.2d 27, 33 (Mo.App.1986). In criminal cases, the trial court may modify its oral pronouncement of sentence only until it is reduced to a written judgment. *State v. White,* 646 S.W.2d 804, 809 (Mo.App.1982). Even if the trial court's intent is that the sentence be served consecutively to a prior

---

1. An *Alford* plea, named after *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), is a plea in which defendant acknowl-

edges the sufficiency of the state's evidence and enters a plea of guilty in order to avoid a possible greater punishment.

882

sentence, it has no authority to amend a judgment silent on the issue to provide for consecutive treatment once the judgment has been reduced to writing. *State v. Bulloch,* 838 S.W.2d 510, 513 (Mo.App.1992). When a subsequent sentence contains no direction that it run consecutively to a prior sentence the defendant is already serving, the subsequent sentence is to be served concurrently. *State v. Cooper,* 712 S.W.2d at 32.

In its brief, the state does not dispute these principles or their application to the facts of this case. Instead, the state maintains that Movant has waived his claim because he did not expressly challenge the *validity* of the amended sentence in his Rule 24.035 motion. Citing the now-familiar doctrine that claims not presented to a postconviction motion court may not be raised for the first time on appeal, the state maintains that the result, although harsh, cannot now be corrected on appeal. *See, e.g., Amrine v. State,* 785 S.W.2d 531, 535 (Mo. banc), *cert. denied* 498 U.S. 881, 111 S.Ct. 227, 112 L.Ed.2d 181 (1990). Further, the state claims that there is no authority for plain error review because Rule 30.20 applies only to direct appeals in criminal cases. Movant responds with the familiar exhortation that the issue of jurisdiction is never waived and may be challenged at any time. *See State ex rel. Jones v. Cooksey,* 830 S.W.2d 421, 424 (Mo. banc 1992) (habeas corpus).

 We find it unnecessary to resolve this apparent jurisdictional conundrum because we find that Movant is entitled to relief as a matter of plain error. Contrary to the state's analysis, Rule 30.20 is not controlling because Rule 24.035 motions are governed by the Rules of Civil Procedure, not the Rules of Criminal Procedure. *See* Rule 24.035(a). Thus the applicable rule is Rule 84.13(c), which permits plain error review of matters not properly raised or preserved to prevent "manifest injustice or a miscarriage of justice." An unauthorized sentence affects substantial rights and results in manifest injustice, thus justifying plain error review. *See, State v. Anderson,* 844 S.W.2d 40, 41 n. 2 (Mo.App.1992). Moreover, in this case, unlike the cases cited by the state, the meritorious claim was asserted below but was not addressed by the motion court. The contention that the sentence was amended contrary

to the plea agreement and contrary to what transpired at sentencing is not refuted by the record; it is confirmed by it. In the absence of any discussion of the concurrent or consecutive nature of the sentence, the sentence is deemed concurrent as a matter of law. § 558.026.1 RSMo 1994; *State v. Cooper,* 712 S.W.2d at 32. Because the trial court never stated in Movant's presence that the sentence would be consecutive and entered its written judgment which likewise failed to address the issue, its subsequent attempt to amend the judgment to provide that the sentence run consecutively is a nullity. *State v. Bulloch,* 838 S.W.2d at 513–14.

Accordingly, we reverse the judgment of the motion court, vacate the amended sentence and judgment purporting to impose a consecutive sentence and reinstate the prior sentence as modified by the motion court to delete the "dangerous offender" finding.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.