# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **In Re: Asbestos Litigation** | ) | |
| | ) | |
| | ) | C.A. No: N23C-02-129 ASB |
| **LADONNA SUE BRAXTON,** | ) | |
| Individually and as Independent | ) | |
| Executrix of the Estate of MARVIN | ) | |
| **JERRY BRAXTON, JR.**, deceased, | ) | |
| | ) | |
| | ) | |

Submitted: November 15, 2024
Decided: December 17, 2024

## ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES

## GRANTED

*Michael C. Smith*, *Esquire*, Balick & Balick, Wilmington, Delaware, Attorney for Plaintiffs.

*Paul D. Sunshine, Esquire*, Reger Rizzo & Darnall, Wilmington, Delaware, Attorney for Defendant

**Jones, J.**

The instant case is an asbestos action where the sole defendant is J-M Manufacturing Company, Inc ("J-MM"). This case is governed by Texas law. Trial in this matter was originally scheduled to begin on December 9, 2024 and has since been moved to the February 2025 trial setting. On October 10, 2024, J-MM filed a Motion for Leave to Designate Responsible Third Parties. Texas law requires a defendant "who seeks to designate a person as a responsible third party to file a motion on or before the 60th day before the trial."[1]

Section 33.004 of the Texas Code provides that a defendant may designate a responsible third party that has not been sued by the plaintiff so that the trier of fact, as to each cause of action asserted, may determine the percentage of responsibility that each such person bears for causing the damages sought.[2] The responsible third parties are not limited to those who can be made parties in the traditional sense; responsible third parties may be persons or entities outside the court's jurisdiction, unable to be sued or even unknown. The filing or the granting of a motion for leave to designate a person as a responsible third or a finding of fault against the person does not by itself impose liability on the person.[3] Liability on a designated person still depends on the entity or person designating a third party to prove the essential elements of the claim against the designated party.[4]

---

[1] TEX. CIV. PRAC. & REM. §33.004(a)
[2] *Galbraith Eng'g Consultants, Inc. v. Pochucha,* 290 S.W.3d 864 (Tex. 2009).
[3] TEX. CIV. PRAC. & REM. §33.004(i)
[4] *Russell v. Big V Feeds, Inc.,* 2024 WL 4397908 (E.D. Tex. 2024).

Plaintiff opposes J-MM's designation on three grounds. First, Plaintiff contends that J-MM has not pled sufficient facts to show that any alleged exposure to Marvin Braxton associated with the third parties was a substantial factor in causing his mesothelioma. Second, Plaintiff maintains that J-MM became aware of Braxton's claims on July 11, 2022, and, under Texas's two-year statute of limitations, it had until July 11, 2024 to file claims against third parties. Third, Plaintiff maintains that the claims against any bankrupt third parties fail because bankruptcy trust proofs of claim alone are insufficient to place a bankrupt entity on the verdict form.

Plaintiffs maintain that J-MM has not pled sufficient facts to meet the requirements of Section 33.004(g)(1). A defendant seeking to designate responsible third parties must only show the factual basis demonstrating the party's potential responsibility for the claimant's damages to satisfy the pleading requirement of Texas law.[5] Texas is a fair notice state.[6] As long as a party is able to ascertain from the pleadings the nature of the basic issues and the type of evidence that might be relevant to the controversy, the pleading satisfies this standard.[7] Having considered J-MM's Motion, this Court concludes that J-MM has pled sufficient facts to satisfy the pleading requirements of the Texas Rules of Civil Procedure.[8]

---

[5] TEX. CIV. PRAC. & REM. §33.011
[6] Tex. R. Civ. P. 47(a)).
[7] *In Re: YRC*., 646 S.W.3d 805, 809 (Tex. 2022).
[8] Again, this finding does not mean that third parties designated make it the verdict sheet. Moreover, even if the pleading had not been sufficient the remedy, as required by the Texas statute, would be to give JM-M a chance to replead.

Plaintiff maintains that Defendant has not met its burden of showing that the exposure to each of the designated third parties doubled Mr. Braxton's risk of injury as a result of his exposure to satisfy Texas' substantial factor test. That is not the question that is presently before the Court. The question presently before the Court is whether Defendant's designation comports with Texas's pleading requirements. While I agree with Plaintiff that J-MM will eventually have to prove its case against the third parties it seeks to designate,[9] that is an issue that will be decided after the conclusion of the evidence at trial. I am satisfied that at this stage Defendant has met the pleading requirements of Section 33.004.

In a similar vein, Plaintiff points to Defendant's reliance on certain proofs of claim of bankrupt entities and argues that the Defendant's reliance on these proofs of claim is insufficient to make out a prima facia case against the third party. While I agree with plaintiff that as to the bankrupt entities a proof of claim form is insufficient to meet its burden at trial, that is not what is before me. What is before me is whether the proof of claim form is evidence that J-MM can rely upon to meet its pleading burden under Section 33.004. I find that it is.

Plaintiff argues that Section 33.004 mandates that the third party designation be made within the period of time so that if Plaintiff chooses Plaintiff can add parties within the applicable statute of limitations. Defendant counters that his argument is

---

[9] *In Re: Frank Coppola*, 535 S.W.3d 506 (Tex. 2017); *Russell v. Big V Fees, Inc.,* 2024 WL 3497908 (E.D. 2024).

contrary to the plain terms of the statute and case law interpreting the statute. Section 33.004 (d) provides:

> (d) A defendant may not designate a person as a responsible third party with respect to a claimant's cause of action after the applicable limitations period on the cause of action has expired with respect to the responsible third party if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure.

Section 33.004(d) clearly provides that a statute of limitations is only relevant "if the defendant has failed to comply with its obligation, if any, to timely disclose that the person may be designated as a responsible third party under Texas Rules of Procedure." The statute is silent as to what obligations mean as to the timing of the designation. While the statute is silent, case law is clear that a designation made after the statute of limitations has run on any claim the plaintiff can make against a designated party is not fatal.[10] In deciding whether the designation is timely, Texas Courts look to whether the plaintiff should have been aware of the potential responsibility of the responsible third party designee.[11] In the instant case, all of the entities that J-MM seek to designate flow from plaintiff's own discovery. Mr. Braxton testified that he installed asbestos containing pipe manufactured by Certain Teed and Johns Manville while he was employed by Excavators & Constructors, Inc. The union that Braxton worked for and the municipalities in which he worked

---

[10] *In Re: Dakota Directional Drilling, Inc*, 549 S.W.3d 288 (Tex. Ct. App. 2018); *see also In Re: YRC d/b/a YRC Freight,* 646 S.W.2d 805 (Tex. 2022).
[11] *Id; Gespa Nicaragua v. Recom. AG, et. al.*, 2024 WL 4455677 (Tex. Ct. of App. 2024).

were also the subject of his deposition. The bankrupt entities J-MM seeks to designate are the subject of bankruptcy proofs of claim forms completed by the Mr. Braxton himself. On this record, this Court concludes that J-MM has met is obligations to timely disclose its designated responsible third parties.

J-MM's Motion For Leave to Designate Responsible Third Parties is GRANTED.

**IT IS SO ORDERED.**

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

cc: File & ServeXpress