Robert Harry PLANT,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 42124.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 2, 1980.

Motions for Rehearing and/or Transfer to
Supreme Court Denied Nov. 14, 1980.

William J. Shaw, Public Defender, Michael R. Young, Asst. Public Defender, Clayton, for movant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for respondent.

CRIST, Judge.

Movant appeals from the denial of his second Rule 27.26 motion. We affirm.

Movant was convicted by a St. Louis County jury of attempted burglary. At the time of sentencing, movant was already serving time on sentences of ten years and five years imposed consecutively in St. Charles.

Movant alleges that there is a material difference between the sentence orally pronounced by the trial court and the sentence entered upon the record. Movant cites *U. S. v. Raftis*, 427 F.2d 1145, 1146 (8th Cir. 1970) for the proposition that the oral pronouncement of the court must govern over the sentence actually entered, if there is a discrepancy between the two. This is a correct statement of the law. However, there was no material discrepancy in this case.

On June 1, 1970, movant was convicted by a St. Charles County jury of second degree burglary and stealing. Consecutive sentences of ten years and five years respectively, were imposed.

On November 9, 1973, sentence was pronounced in this case as follows:

". . . [I]t is the sentence of this Court that you serve five (5) years in the Missouri Department of Corrections. Said sentence to run *consecutive to sentence imposed in St. Charles*, Missouri." (Emphasis added.)

Immediately thereafter, movant asked the court for clarification.

"Mr. Plant: Your Honor, could you be a little more specific, please. Is that five (5) years to run consecutive with the sen-

tence I am now serving, the ten (10) years in St. Charles?

The Court: Yes, ten (10), five (5) consecutive.

Mr. Plant: Thank you, your Honor."

Movant interprets this dialogue as evidence of the court's intent to make the five year sentence consecutive to the ten year sentence only and not the fifteen years imposed totally in St. Charles (ten years plus five years consecutively). Although the trial court's response to movant's question, taken alone, might justify this interpretation, movant's question contained a misstatement of the full sentence actually imposed in St. Charles.

The formal pronouncement preceding the question clearly and unambiguously reveals the court's intent that movant serve three consecutive sentences and not one sentence of ten years followed by two five year sentences running concurrently. *Crump v. State*, 462 S.W.2d 809, 810 (Mo.banc 1971). The sentence as entered reflects this intent ("Said sentence to run consecutive to sentence imposed in St. Charles, Missouri, . . .").

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.