STATE of Missouri, Plaintiff/Respondent,

v.

Barry JOHNSON, Defendant/Appellant.

Barry JOHNSON, Movant/Appellant,

v.

STATE of Missouri, Respondent.

Nos. 60135, 62574.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 21, 1993.

Elizabeth Haines, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

GRIMM, Presiding Judge.

A jury convicted defendant of selling a controlled substance in violation of § 195.214, RSMo Cum.Supp.1992. On appeal, he raises six points of error. We clarify the sentence imposed and affirm.

## I. Sentencing

Defendant contends that the trial court plainly erred "by entering in its written sentence and judgment that [defendant] was sentenced to a term of imprisonment of fifteen years without probation and parole when the oral pronouncement of the court was that [defendant] was sentenced to a term of imprisonment of fifteen years with no qualification as to [his] status as a repeat offender and no qualification that the sentence was to be served without probation or parole." He argues this resulted in manifest injustice and violated his constitutional rights. Further, he argues the trial court was without jurisdiction "to adopt an amended sentence and judgment through a nunc pro tunc order."

On June 12, 1990, the State filed a second substitute information in lieu of indictment. It charged defendant "committed the class A felony without probation and parole of sale of a controlled substance, punishable as a persistent drug offender upon conviction under Sections 195.291 and 558.011.1(1), RSMo." Also, it alleged he committed this offense on October 23, 1989, by selling cocaine to an undercover officer. In addition, it alleged that on September 23, 1986, defendant pled guilty to both sale and possession of heroin, each a felony relating to controlled substances.

Trial of defendant's case also began on June 12. The trial court, Judge Perry Rhew presiding, heard evidence concerning the prior drug related convictions. The trial judge found that defendant "is a prior and persistent offender beyond a reasonable doubt." The jury was unable to reach a verdict and the trial court declared a mistrial.

Defendant was retried in February, 1991, with Judge Daniel T. Tillman presiding. At the close of the evidence, the prosecutor asked the trial court to "adopt the findings of the judge of the previous hearing with regard to ... defendant, ... as a prior and persistent." The court took judicial notice and adopted "Judge Rhew's findings in regard to defendant's prior convictions."

On April 26, the trial court sentenced defendant. The trial court said: "It is herein

the sentence and judgment of the Court defendant to be sentenced to 15 years within the Department of Corrections." No mention was made that defendant was being sentenced as a prior and persistent drug offender.

The written sentence and judgment dated April 26 reflects defendant was sentenced to 15 years "without probation or parole under 558.011.1." However, § 558.011.1 does not contain any reference to punishment "without probation or parole." Rather, that section is the general section pertaining to authorized terms of imprisonment for class A felonies.

On May 3, defendant filed his notice of appeal. Thereafter, on May 13, the trial court entered the following order:

### Nunc Pro Tunc

Comes now the Court with the approval of both parties, and hereby adopts the Amended Sentence and Judgment attached and dated May 13, 1991 as the sentence and judgment order in the above referenced cause, effective immediately.

The written amended sentence and judgment dated May 13 reflects defendant was sentenced to 15 years "without probation or parole as mandated by 195.291 RSMo."

■ The State argues that defendant waived any objections to his sentence by consenting to the trial court's "Nunc Pro Tunc" order. However, this argument fails because the trial court did not have authority to enter either the deviating written sentence and judgment or the "Nunc Pro Tunc" order.

■ In criminal cases, a trial court can only amend its oral pronouncement of sentence until it is reduced to written judgment. *State v. Cooper*, 712 S.W.2d 27, 33 (Mo.App. E.D.1986); *State v. Bulloch*, 838 S.W.2d 510, 513 (Mo.App.W.D.1992). Until that time, a trial court retains jurisdiction over the defendant and can call the defendant back for resentencing. *Cooper*, 712 S.W.2d at 33; *Bulloch*, 838 S.W.2d at 513.

■ Nothing in the record before us indicates defendant was returned to court for resentencing or for clarification of the trial court's original oral pronouncement. A defendant has a right to be present at the time of sentencing. *Cooper*, 712 S.W.2d at 33.

The April 26 written sentence and judgment deviated from the oral pronouncement made that day by adding the words "without probation or parole under 558.011.1." Also, the May 13 amended sentence and judgment reflects that defendant only appeared in court on April 26, the day sentencing originally occurred, not May 13, the day the purported amended sentence was entered.

■ Moreover, a "judgment derives its force from the rendition of the court's judicial act and not from the ministerial act of its entry upon the record." *State v. Williams*, 797 S.W.2d 734, 738 (Mo.App.W.D.1990). When the two conflict, the rendition controls. *Id.*

■ There is another reason why the trial court lacked jurisdiction to enter the "Nunc Pro Tunc" order. Defendant filed his notice of appeal ten days before the "Nunc Pro Tunc" order was entered. Upon the filing of the notice of appeal, "the trial court at that moment was divested of jurisdiction because it had lodged in the appellate court." *See Barney v. Suggs*, 688 S.W.2d 356, 358 (Mo. banc 1985); *see also* Laughrey, *Judgments— The New Missouri Rule*, 44 J.Mo.B. 11, 16 (1988) ("In Missouri, the trial court has jurisdiction to correct a clerical mistake until the notice of appeal is filed.").

We acknowledge that Rule 74.06(a) permits correction of clerical mistakes and errors. However, during the pendency of an appeal, "such mistakes may be so corrected with leave of the appellate court." *Id.* Even assuming the trial court's "Nunc Pro Tunc" order falls within the purview of Rule 74.-06(a), leave of this court was neither sought nor granted. In the absence of such leave, the trial court did not have authority to enter the "Nunc Pro Tunc" order. *See Higher Education Assistance Fdn. v. Hensley*, 841 S.W.2d 660, 662–63 (Mo.Div. 1 1992).

The trial court's oral pronouncement sentenced defendant to 15 years in the Department of Corrections. That is the sentence defendant received. Pursuant to Rule 30.23, we clarify and affirm that defendant was

sentenced to 15 years in the Department of Corrections. All references in the judgments to "without probation or parole under 558.011.1" and "without probation or parole as mandated by 195.291 RSMo" are stricken.

## II. Other Issues

We have considered the other points defendant raised. No jurisprudential purpose would be served by a written opinion. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for our decision. *See* Rule 30.25(b) and 84.16(b).

As clarified, the trial court's judgment is affirmed. The motion court's order is affirmed.

CARL R. GAERTNER and AHRENS, JJ., concur.