**William McCAINE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 64719.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 7, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 4, 1994.

Case Transferred to Supreme Court Sept. 20, 1994.

Case Retransferred to Court of Appeals Jan. 24, 1995.

Original Opinion Reinstated Feb. 16, 1995.

David C. Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from the denial of his Rule 24.035 motion for post-conviction relief after he pleaded guilty to first degree robbery. We reverse and remand.

On May 3, 1993, Defendant pleaded guilty to first degree robbery. Prior to the guilty

plea hearing, the State requested the trial court make a finding Defendant was a Class X offender pursuant to § 558.019, RSMo 1986. At that time, the trial court found Defendant to be a Class X offender. Immediately following this exchange, a hearing was conducted to determine the voluntariness of Defendant's plea. After questioning Defendant, the trial court accepted the plea. At that time the trial court formally pronounced Defendant's sentence as follows:

> THE COURT: ... Mr. Kenyon, has Mr. McCaine any legal cause to show why Judgment and Sentence should not now be pronounced?
>
> MR. KENYON: No, your Honor.
>
> THE COURT: After considering your plea of guilty and the recommendation of the State it's the Court's Judgment and Sentence in Cause Number 92CR 2677 for the offense of robbery first degree, a Class A felony, that you be sentenced to a term of 15 years in the custody of the Missouri Department of Corrections. Sentence will run concurrently with the 7 year sentence you are now serving out of the City of St. Louis in Cause Number 921–1151.

In this oral pronouncement of sentence, the trial court made no mention of sentencing Defendant to a minimum term as a Class X offender. However, the subsequent written sentence and judgment reflects Defendant was sentenced as a Class X offender pursuant to § 558.019.

On June 3, 1993, Defendant filed a *pro se* Rule 24.035 motion for post-conviction relief. The motion was amended by counsel on July 15, 1993. In the motions, Defendant alleged the trial court erred in entering its written judgment and sentence stating Defendant was sentenced as a Class X offender, because this varied from its oral pronouncement of sentence. Defendant averred the oral pronouncement should stand. The motion court denied this claim, finding there was no material discrepancy between the oral rendition of sentence and the written sentence entered upon the record.

■ Defendant alleges the motion court erred in denying his claim of a material discrepancy between the trial court's oral pronouncement of his sentence and the sub-

sequent written sentence which added the requirement Defendant serve a minimum term as a Class X offender. We find this point of error dispositive and do not address Defendant's second point.

■■ Generally, the written sentence and judgment of the trial court should reflect its oral pronouncement of sentence before the defendant. *State v. Johnson*, 864 S.W.2d 449, 451 (Mo.App.1993). However, a trial court may amend its oral pronouncement of sentence before it is reduced to writing, but only if the defendant is present. *State v. Cooper*, 712 S.W.2d 27, 33[11] (Mo.App.1986); *See also*, Rule 29.07(b)(2) (defendant must be present when sentence and judgment pronounced); § 546.550–.570, RSMo 1986 (defendant personally present during sentence and judgment).

■ In the case at hand, Defendant was not present for any amendment of the oral pronouncement of sentence. Therefore, the trial court had authority only to enter that sentence orally pronounced. *Johnson*, 864 S.W.2d at 451. However, if any discrepancy between the oral sentence and written sentence is not material, then no error has occurred even if the defendant is not present. *See, Plant v. State*, 608 S.W.2d 91, 92[1] (Mo.App.1980).

The State contends no discrepancy at all exists between the two sentences because the guilty plea transcript as a whole indicates the trial court intended to sentence Defendant as a Class X offender. We disagree. Even though the trial court did initially find Defendant to be a Class X offender, it did so prior to any questioning of Defendant or any discussion of a plea bargain. It made no mention of sentencing Defendant as a Class X offender during the formal pronouncement of sentence, which is the controlling portion of the transcript. *See, Plant*, 608 S.W.2d at 92 (court looked to the formal pronouncement of sentence to determine whether a discrepancy existed); *See also, State v. Johnson*, 861 S.W.2d 807 (Mo.App.1993) (discrepancy existed between oral sentence and written sentence which added a finding of prior offender status even though trial court had initially found the defendant to be a prior offender).

Therefore, a discrepancy does exist between the oral pronouncement of sentence while Defendant was present and the court's subsequent written sentence and judgment.

The State further contends the addition of Class X offender status is immaterial. Again, we disagree. Changing Defendant's sentence to include a requirement he serve a minimum term of 80% of his sentence as a Class X offender is a material change in his sentence. *See, Johnson,* 861 S.W.2d at 809–10 (court did not question the materiality of change in oral sentence to add a finding of prior offender status); *Cf. State v. Lawhorn,* 762 S.W.2d 820, 824–26[5] (Mo. banc 1988) (retroactive application of sentencing enhancement guidelines was an *ex post facto* law which altered substantial personal rights and disadvantaged the defendant); *State v. Reynolds,* 819 S.W.2d 322, 326 (Mo. banc 1991) (court rejected the concurrent sentence doctrine due to adverse collateral legal consequences of multiple sentences, including issues of probation and parole).

The motion court clearly erred in finding no material discrepancy existed between the oral pronouncement of sentence and the written sentence and judgment. Rule 24.035(j). Therefore, we reverse its decision and remand with directions it correct the written sentence and judgment to conform to its oral pronouncement of sentence by removing any reference to sentencing Defendant as a Class X offender.

CRANDALL, P.J., and REINHARD, J., concur.