Howard JOHNSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 78953.

Supreme Court of Missouri,
En Banc.

Jan. 21, 1997.

Margaret Elise Branyan, Springfield, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Becky Owenson Kilpatrick, Asst. Attys. Gen., Jefferson City, for respondent.

WHITE, Judge.

Howard Johnson pleaded guilty to distributing marijuana in February of 1994. Although the sentencing judge found Mr. Johnson to be a persistent offender,[1] he did not specifically refer to that finding during the formal oral pronouncement of sentence. Mr. Johnson argues that the written judgment and sentence, which specifies that he is a persistent offender, is inconsistent with the oral sentence and that the oral sentence is controlling. We find no merit in this argument. Based upon the whole record, the oral sentence was clear, and, in any case, the judge had no discretion not to sentence Mr. Johnson as a persistent offender.

■ Mr. Johnson bases his motion for post-conviction relief on the theory that, where the oral pronouncement of sentence is inconsistent with the written sentence, the oral pronouncement controls.[2] Mr. Johnson

---

1. § 558.019.4(2), RSMo 1986 (defining persistent offender as "one who has previously pleaded guilty to or has been found guilty of two felonies committed at different times"); § 558.019.2(2), RSMo 1986 (requiring that "[i]f the defendant is a persistent offender, the minimum prison term which the defendant must serve shall be sixty percent of his sentence").

2. See McCaine v. State, 891 S.W.2d 419, 420 (Mo.App.1994); State v. Johnson, 864 S.W.2d 449, 451 (Mo.App.1993); State v. Johnson, 861 S.W.2d 807, 809 (Mo.App.1993); State v. Williams, 797 S.W.2d 734, 737 (Mo.App.1990); Plant v. State, 608 S.W.2d 91, 91 (Mo.App.1980); United States v. Raftis, 427 F.2d 1145, 1146 (8th Cir.1970); Gaddis v. United States, 280 F.2d 334,

conceives this as a technical, mechanistic rule. Either the sentencing judge pronounces exactly the right words at exactly the right time, or the defendant receives a windfall reduction in sentencing, despite the court's clear intent to the contrary. Assuming, without deciding, that the oral sentence always controls over the written sentence when they are irreconcilable,[3] such a rule can have no application where either: (1) the record shows that the oral sentence was not materially different from the written one, or (2) the judge has no discretion to pronounce a sentence different from the written sentence. Both of these are true in this case.

■ In determining whether the oral pronouncement of sentence is materially different from the written sentence, the first step is to determine what the oral sentence actually was.[4] Obviously, a clear statement following the words "I sentence you to ..." is decisive.[5] But where the formal oral pronouncement of sentence is ambiguous or, as here, silent on a particular issue, nothing prevents an appellate court from examining the entire record to determine if the oral sentence can be unambiguously ascertained.[6] *McCaine v. State*[7] holds to the contrary. In that case, the sentencing court found the defendant to be a Class X repeat offender, but did not mention that status during the formal pronouncement of sentence. Citing *Plant v. State,*[8] the court refused to look outside the formal pronouncement to determine what sentence was orally imposed. This is a misreading of *Plant.* That case stands for no more than the proposition that, where the formal oral pronouncement is unambiguous, it controls. Where, as here, the formal pronouncement of sentence does not mention an issue, the full record should be examined.[9]

In this case, the record is clear. At the plea hearing, the judge repeatedly noted that Mr. Johnson was being charged as a persistent offender. When the judge interrogated him about his guilty plea, he noted that the charges each included the allegation that Mr. Johnson was a persistent offender, and Mr. Johnson pleaded guilty to these charges. The court even asked if Mr. Johnson recalled the prior offenses which supported this finding, and Mr. Johnson acknowledged that he had spoken with his attorney about the plea, specifically including the persistent offender charges. In fact, the court had the prosecutor specifically describe to Mr. Johnson the consequences of his status: "by virtue of the persistent offender, under that provision the sentences imposed in your case, you'll have to serve a minimum of sixty percent by statute before you'll be eligible for parole." The court had the prosecutor describe the circumstances of the prior offenses, and Mr. Johnson confirmed that the recitation was accurate. The court found Mr. Johnson guilty of the charges and specifically found

---

336 (6th Cir.1960) (per curiam). *Cf. Hill v. United States,* 298 U.S. 460, 464–66, 56 S.Ct. 760, 762–63, 80 L.Ed. 1283 (1936) (holding a warrant of commitment, containing terms inserted by a clerk, void for not conforming to the judgment of the court).

3. *See, e.g., Williams,* 797 S.W.2d at 737 (reforming written sentence of seven years to conform to oral pronouncement of five years).

4. *See Raftis,* 427 F.2d at 1146 (holding that no material discrepancy existed where the "clear import of the judge's language" showed "intent to suspend the sentence ... and that impreciseness of language will not negate the court's obvious intent.")

5. *See Plant,* 608 S.W.2d at 92 (finding no discrepancy where written sentence reflected formal oral pronouncement of sentence, despite possibly ambiguous comments by the judge elsewhere in the record).

6. *See Williams,* 797 S.W.2d at 737–38 (examining sentencing hearing discussion between judge and attorneys to ascertain judge's intent when orally pronouncing sentence); *Gaddis,* 280 F.2d at 336 (holding that defendant's post-sentencing conduct revealed that he understood oral sentence to include probation).

7. 891 S.W.2d at 420.

8. 608 S.W.2d at 92.

9. Some issues must specifically be addressed at the time of sentencing. *See, e.g.,* Rule 29.09 (requiring the court, "when pronouncing sentence," to specify whether sentences are to be served concurrently or consecutively). Nothing in the persistent offender statute imposes a similar requirement.

him to be a persistent offender. The court then reduced the results of the hearing to writing on a form, entitled "Plea of Guilty," that recited the offenses, described the twelve year concurrent sentences and, among other findings, specified that Mr. Johnson was a persistent offender.

At the sentencing hearing itself, there was no ambiguity about the provisions of the plea, or any doubt the court was sentencing Mr. Johnson in accordance with its terms. The court recalled the terms of the plea agreement to the parties, noting that "It's a plea made as a ... prior and persistent drug offender." After asking if the parties were "ready to proceed with sentencing[,]" the judge said: "The Court does accept the plea agreement. I will be bound by it." The court inquired directly of Mr. Johnson "you understand ... I will be sentencing you in accordance with your agreement...." Mr. Johnson replied "Yes, sir." As to each of the three counts, the court specifically noted that it was pronouncing judgment and sentence according to the guilty plea. That same day, the court entered a written judgment and sentence that reflected the guilty plea exactly, including the finding that Mr. Johnson was a persistent offender.

 Even if the record did not clearly reveal the oral sentence, Mr. Johnson would not be entitled to relief because the trial judge had no discretion to determine whether Mr. Johnson should serve his sentence as a persistent offender. The statutory language is clear and it is mandatory. It provides that, once the court finds facts beyond a reasonable doubt showing that a defendant has been found guilty of two prior felonies, it "shall find the defendant to be a ... persistent offender...." [10] Once the defendant is found to be a persistent offender, the enhancement provision is automatic: "If the defendant is a persistent offender, the minimum prison term which the defendant shall serve shall be sixty percent of his sentence." [11] As described above, the court explicitly made the required factual findings and the finding that Mr. Johnson was a persistent offender. Short of revoking these

findings, the court could not have sentenced him as anything other than a persistent offender. Since the statute gave the sentencing court no discretion to decide what proportion of his sentence Mr. Johnson was required to serve, the fact that the court did not mention it during the formal pronouncement of sentence is irrelevant. Under this statute, the finding that a defendant is a repeat offender need not be restated during the oral pronouncement of sentence. To the extent that it holds otherwise, *McCaine* is overruled.

The written sentence imposed by the court was the sentence required by law, and was not materially different from the oral sentence imposed by the judge. Accordingly, the motion court did not clearly err in refusing to remove the persistent offender finding from the sentencing court's written judgment and sentence.

Similarly, the motion court did not clearly err in denying relief on Mr. Johnson's claim that his plea was involuntary because his counsel failed to inform him of the effect pleading guilty to being a persistent offender would have on his sentence. Although it allowed evidence to be presented on this issue, the motion court found that this claim was not raised in Mr. Johnson's Rule 24.035 motion. Even giving his pro se petition its broadest possible reading, none of its points relate to this claim, and Mr. Johnson's brief does not provide any argument that this claim is specified in his petition. Rule 24.035(d) requires that "[t]he motion to vacate shall include every claim known to the movant[,]" and specifies that "the movant waives any claim for relief known to the movant that is not listed in the motion." The motion court did not clearly err in refusing to grant relief on this claim since it was not specified in the post-conviction motion. [12]

The judgment of the circuit court is affirmed.

All concur.

**10.** § 558.021.1, RSMo 1986; § 558.019.4(2), RSMo 1986.

**11.** § 558.019.2(2), RSMo 1986.

**12.** *See State v. Twenter,* 818 S.W.2d 628, 641 (Mo. banc 1991).