**STATE of Missouri, Respondent,**

v.

**Richard LEE, Appellant.**

**Richard LEE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 67816, 69904.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 25, 1997.

Motion for Rehearing and/or
Transfer to Supreme Court
Denied May 29, 1997.

Application to Transfer Denied
Aug. 19, 1997.

Curtis Crow, Portage Des Sioux, for appellant.

John Munson Morris, III, Joanne E. Joiner, Jefferson City, for respondent.

RHODES RUSSELL, Presiding Judge.

Richard Lee ("defendant") appeals the judgment entered upon his conviction by a jury of first degree assault in violation of Section 565.050 RSMo 1994[1] and armed criminal action in violation of section 571.015. Defendant also appeals the denial of his Rule 29.15 motion for post conviction relief after an evidentiary hearing. We find that the trial court did not err in denying defendant's motion to dismiss based upon alleged double jeopardy and did not err in entering a written sentence finding defendant to be a prior offender despite not having specifically stated that in the oral sentencing. We further find the findings and conclusions of the motion court in denying defendant's 29.15 motion were not clearly erroneous. Judgment is affirmed.

The evidence viewed in the light most favorable to the verdict is as follows: Defendant and JoAnn Moore ("victim") were living together at 10339 St. Charles Road in St. Louis County. On October 21, 1993, victim claimed that defendant stabbed her multiple times with a knife and that she then stumbled outside their home to a neighbor's house who called the police. At the urging of his mother, defendant turned himself into the police and retrieved the knife for the police. Defendant claimed that he had acted in self-defense. He maintained that victim attacked him with the knife and that during their struggle she fell into the knife.

Defendant was charged by indictment with assault in the first degree, § 565.050, and armed criminal action, § 571.015. An amended information charging appellant as a prior offender was later filed. The case originally went to trial in May 1994. During the middle of that trial the judge recused himself and declared a mistrial after he realized the he knew some members of defendant's family. The case was set for trial again on October 3, 1994, but defendant's motion for a continuance was sustained at that time. The case went to trial a third time on December 12, 1994. Defendant was found guilty by the jury of both assault and armed criminal action.

The court orally sentenced defendant to thirty years for assault and three years for armed criminal action to be served consecutively with each other and concurrently with a term defendant was already serving for assault and burglary convictions in 1991. At the oral sentencing the court did not specifically indicate that defendant was being sentenced as a prior offender, although the court had earlier found that defendant was a prior offender under §§ 558.016, 557.036.4, and 558.019. The court's written order, however, did specifically state that defendant was sentenced as a prior offender. The written order further differed from the oral sentence in that the written order sentenced defendant to terms of thirty years and three years to be served *concurrently* with each other. A nunc pro tunc judgment was later issued correcting the written sentence to conform to the oral sentence of thirty years for assault and three years for armed criminal action to be served *consecutively*.

Defendant filed a *pro se* 29.15 motion. An amended motion was later filed. Following an evidentiary hearing, the motion court issued findings of fact and conclusions of law denying defendant's motion. Defendant ap-

---

1. All statutory references, unless otherwise noted, are to RSMo 1994.

peals from his conviction and sentence and from the denial of his 29.15 motion.

■ In the first point, defendant claims the trial court erred in denying his motion to dismiss based upon double jeopardy grounds.

During the second day of defendant's first trial, the judge first saw defendant's father. He then realized that he knew several members of defendant's family. The judge informed the attorneys in-chambers that he preferred to recuse himself from the case. The judge explained that he went to grade school with defendant's father knew defendant's uncle, and grew up in the same neighborhood with defendant's family. Furthermore, he explained that he continued to see them socially, the uncle frequently, and the father from time to time. He said he did not want to be in a position of having to sentence the defendant, charged as a prior offender, if he were found guilty by the jury. Since the trial had already begun, the judge expressed the feeling that he had no alternative but to declare a mistrial. Neither the State nor the defendant requested the mistrial. Defendant did not consent to the mistrial.

The double jeopardy clause generally bars a retrial if a judge has granted a mistrial in a previous trial without the defendant's consent. *SeeState v. Tolliver,* 839 S.W.2d 296, 299 (Mo.banc 1992). If there was a "manifest necessity" for the declaration of a mistrial, however, retrial is not barred by double jeopardy. *Id.* A trial judge's decision to declare a mistrial is given great deference and will not bar a retrial if the judge exercised sound discretion in declaring the mistrial. *Arizona v. Washington,* 434 U.S. 497, 514, 98 S.Ct. 824, 834–35, 54 L.Ed.2d 717 (1978).

It is clear that the trial judge had sound reasons for recusing himself and declaring a mistrial. The Code of Judicial Conduct, Rule 2, Canon 3(D)(1), provides that a judge "should recuse in a proceeding in which the judge's impartiality might reasonably be questioned." The trial judge determined that his familiarity with the family and his socializing with them could lead others to question his impartiality if sentencing was in order. He stated he had and would continue to see the members of defendant's family

socially. Under these circumstance, therefore, recusal was appropriate. Furthermore, since the trial was in progress with evidence being presented, the judge's decision declaring a mistrial was appropriate. Point denied.

■ In point two, defendant maintains that the motion court erred when it denied his Rule 29.15 motion alleging ineffective assistance of counsel for failing to: 1) raise many specific objections; 2)conduct an adequate and thorough voir dire; 3) subpoena certain witnesses; and 4) submit a lesser included offense instruction. In order to prevail on a claim of ineffective assistance of counsel, the defendant must establish that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2060, 80 L.Ed.2d 674 (1984). In order to prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068.

■ This court's review of the denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *State v. Lannert,* 889 S.W.2d 131, 135 (Mo. App.1994). The motion court's findings are clearly erroneous if, after a review of the entire record, the appellate court is left with the definite and firm impression a mistake has been made. *Id.*

We have reviewed the record on appeal and find that the motion court's findings and conclusions were not clearly erroneous. Extended discussion of the point would have no precedential value. Accordingly, we deny defendant's point in compliance with Rule 84.16(b).

■ In his final point, defendant contends that the trial court erred in entering a written judgment and sentence which differed from the oral pronouncement of sentence. The oral pronouncement sentenced defendant to terms of thirty years and three years to be served consecutively, but did not specifically state that defendant was being sen-

tenced as a prior offender. The written judgment, however, stated that defendant was sentenced as a prior offender.

If sentenced as a prior offender, defendant would have to serve at least 40 percent of his sentence. If he was not sentenced as a prior offender, he would have to serve at least one third of his sentence. This could amount to a difference in sentence of 2.31 years. Defendant claims that there was a clear discrepancy between the oral and written sentences, and that the trial court had authority only to enter the sentence announced orally to the defendant.

Defendant relies on *McCaine v. State*, 891 S.W.2d 419 (Mo.App.1994), wherein the defendant was found to be a class X offender, but at the oral pronouncement of sentence was not specifically sentenced as one. The written judgment, however, did sentence the defendant as a class X offender. This court found that the trial court only had authority to enter the sentence orally announced and, therefore, reversed and remanded with instructions to the trial court to enter a sentence without reference to defendant's class X offender status.

Since the briefing of this appeal, however, *McCaine* has been overruled by *Johnson v. State*, 938 S.W.2d 264 (Mo.banc 1997).

In *Johnson*, the Supreme Court faced a factually similar situation to both *McCaine* and the present case. The trial court found that the defendant was a persistent offender, but did not specifically refer to that finding during the formal oral pronouncement of sentence. The written judgment and sentence, however, did specify that the defendant was sentenced as a persistent offender.

The *Johnson* opinion stated that even if it is true that the oral sentence always controls over the written sentence when the two are irreconcilable, such a rule has no application where either, "(1) the record shows that the oral sentence was not materially different from the written one, or (2) the judge has no discretion to pronounce a sentence different from the written sentence." The Supreme Court found both exceptions applicable in *Johnson*.

*Johnson* states that when the oral pronouncement of sentence is silent on a partic-

ular issue, nothing prevents the appellate court from examining the entire record to determine if the oral sentence can be unambiguously ascertained. Examining the total record in *Johnson*, the Supreme Court found that no ambiguity in the sentence existed as it was clear that the trial court had already found the defendant to be a persistent offender and intended to sentence defendant as such. Therefore, the written sentence was not materially different from the oral sentence.

Furthermore, the *Johnson* court found that even if the record did not clearly reveal that the trial court had intended to sentence the defendant as a persistent offender, the defendant would not be entitled to relief. The trial court, having already found the defendant a persistent offender, had no authority to sentence him as anything other than a persistent offender.

Applying *Johnson* to the present case, we likewise find that there was no material difference between the oral pronouncement of sentence and the written judgment and sentence. Viewing the record as a whole, we find that the trial court clearly intended to sentence defendant as a prior offender. Furthermore, having previously found him to be a prior offender, the court had no authority to sentence him as anything other than a prior offender. Point denied.

■ Defendant also argues that the trial court lacked authority to enter a nunc pro tunc order correcting the written sentence to conform with the oral sentence. The oral pronouncement sentenced defendant to thirty years for assault and three years for armed criminal action to be served *consecutively*. The written judgment sentenced defendant, apparently mistakenly, to thirty years for assault and three years for armed criminal action, to be served *concurrently*. The docket sheet shows that the nunc pro tunc order, correcting the written judgment to read *consecutively* rather than *concurrently*, was mailed to the parties March 6, 1995. Defendant's notice of appeal, however, had been previously filed February 16, 1995.

Rule 29.12(c) states that "clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by

the court at any time after such notice, if any, as the court orders."

A judgment may be corrected nunc pro tunc only if it is a clerical error rather than a judicial error and only if the intention of the judge to do otherwise clearly appears in the record. *State v. Carrasco,* 877 S.W.2d 115, 117 (Mo.banc 1994).

We find that the trial court's nunc pro tunc was intended to correct a clerical mistake in the first written judgment. The trial court's intention to sentence defendant to consecutive rather than concurrent terms is evident from the record.

The fact that defendant's notice of appeal had already been filed does not completely relieve the trial court of its authority. *State v. Bibb,* 922 S.W.2d 798, 803 (Mo.banc 1996). While it may not exercise its judicial functions after the appeal has been filed, the court may exercise functions of a purely ministerial or executive nature. *Id.* Correcting the written judgment to conform with the oral judgment was such a function.

Judgment is affirmed.

SIMON and DOWD, JJ., concur.