**Jeffrey A. MURPHY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 52966.**

Missouri Court of Appeals,
Western District.

April 29, 1997.

Gary E. Brotherton, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for respondent.

BEFORE ULRICH, C.J., P.J., and BERREY and SPINDEN, JJ.

BERREY, Judge.

Jeffrey Murphy pled guilty to an amended information of second degree murder, § 565.021, RSMo.1994. Judge Darnold of Vernon County Circuit Court sentenced Murphy as a prior persistent Class X offender. Murphy appeals from the denial of his Rule 24.035 motion for post-conviction relief.

The amended felony information to which Murphy pled guilty reads in part:

Defendant is a prior offender under Sections 558.016, 557.036.4, and 558.019, RSMo, in that he has pleaded guilty to or has been found guilty of a felony. Defendant is also a persistent offender punishable by sentence to an extended term of imprisonment under Sections 558.016, 557.036.4, and 558.019, RSMo, in that he has pleaded guilty to or has been found guilty of two or more felonies committed at different times. Defendant is also a class X offender under Section 558.019, RSMo, in that he has pleaded guilty to or has been found guilty of three felonies committed at different times and has served at least 120 days in the Department of Corrections for each of the felonies.

Murphy filed a four page "Petition to Plead Guilty" and a two page, hand printed statement which outlined in detail his participation in the beating death of Susan Praiswater. His sole point on appeal is that the trial court did not orally sentence him as a prior persistent and Class X offender. A point being frequently raised and without merit.

Our review of the motion court's denial of appellant's Rule 24.035 motion is limited to a determination of whether the findings and conclusions are clearly erroneous. Rule 24.035(k). The findings and conclusions are clearly erroneous only if we are left with a definite and firm impression that a mistake has been made. *Antwine v. State,* 791 S.W.2d 403, 406 (Mo. banc 1990), *cert. denied,* 498 U.S. 1055, 111 S.Ct. 769, 112 L.Ed.2d 789 (1991).

Murphy knew by pleading guilty to the amended information he was admitting he was a prior persistent and Class X offender.

On January 21 of this year, in *Johnson v. State,* 938 S.W.2d 264 (Mo. banc 1997), the Supreme Court put this issue to rest. The court in a unanimous decision noted that "Based upon the whole record, the oral sentence was clear and, in any case, the judge had no discretion not to sentence Mr. Johnson as a persistent offender." *Id.* The Court went on to state:

> Assuming, without deciding, that the oral sentence always controls over the written sentence when they are irreconcilable, such a rule can have no application where either: (1) the record shows that the oral sentence was not materially different from the written one, or (2) the judge has no discretion to pronounce a sentence different from the written sentence. Both of these are true in this case.

*Id.* at 265. The Court further stated that once a defendant is found to be a persistent offender, sentence enhancement is statutorily mandated, leaving the sentencing court without discretion to determine what proportion of a sentence a defendant is required to serve. *Id.* at 266. Therefore, "the fact that the court did not mention [the defendant's status] during the formal pronouncement of sentence is irrelevant." *Id.*

Here, the circuit court made the necessary findings that Murphy was a prior and persistent Class X offender. However, when orally sentencing Murphy, the court did not state that he was being sentenced as a prior and persistent offender. The court's subsequent written judgment and sentence does note Murphy's status as a prior and persistent offender.

Additionally, just prior to sentencing, Mr. Zembles, attorney for Murphy, reminded the court that in its findings the court referred to the amended information and said:

> The Court also at this time, I think, will make my recitation that, pursuant to the amended felony information, the Court finds beyond a reasonable doubt:

> that the amended felony information alleges that you are a prior, persistent, and Class X offender under Chapters 558 and 557 of the Revised Statutes of Missouri, in or about that you have—you're a prior, and that you have been found guilty of a felony offense which occurred prior to the date of this offense;

> that you are a persistent offender, in that you have been found guilty of two or more felonies which occurred at different times, as set out by the exhibits, Petitioner's Exhibit 1 through 7;

> and that—and also that you are a Class X offender, in that you have been found [guilty] of three felonies or more felonies, committed at different times; and that you have served at least 120 days [in the] Department of Corrections for each of the felonies.

> And rather than go through the felonies, I'll just show that the felonies as set out in the amended felony information; and therefore, you are subject to the extended terms and the prior and persistent under those sections.

In light of the Supreme Court's holding in *Johnson,* we affirm the circuit court's denial of Murphy's Rule 24.035 motion. Point denied.

Affirmed.

All concur.