STATE of Missouri, Respondent,

v.

Gilbert JORDAN, Appellant.

No. WD 50940.

Missouri Court of Appeals,
Western District.

June 24, 1997.

Ellen H. Flottman, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Breck K. Burgess, Assistant Attorney General, Jefferson City, for respondent

Before ULRICH, C.J., and
LOWENSTEIN and EDWIN H. SMITH, JJ.

ULRICH, Chief Judge, Presiding Judge.

Gilbert Jordan was convicted of assault in the first degree, section 569.050,[1] robbery in the first degree, section 569.020, and two counts of armed criminal action, section 571.015. He was sentenced as a prior, persistent and class X offender under section 558.019 to consecutive sentences: life imprisonment (assault), ten years (first armed criminal action), thirty years (robbery), and twenty years (second armed criminal count).

---

1. All statutory references are to RSMo 1994 un-    less otherwise indicated.

Mr. Jordan does not challenge the sufficiency of the state's evidence. He claims the circuit court erred when it: (1) denied defense counsel's motion to strike the entire venire panel; (2) failed to orally pronounce him to be a prior or persistent offender before enhancing his sentence as a prior or persistent offender; and (3) denied his Rule 29.15 motion for post-conviction relief for defense counsel's failure to timely request that the entire venire panel be stricken. The convictions are affirmed, and denial of his Rule 29.15 motion is affirmed.

Mr. Jordan was charged with having robbed a Kentucky Fried Chicken restaurant in Kansas City with another man. The evidence established that he was armed with a .38 caliber revolver and the other man was armed with a Tec–9 semi-automatic pistol when the men entered the restaurant. Mr. Jordan held his firearm to the head of an employee of the restaurant and directed the employee to open the cash register. The restaurant manager entered the room, and he was directed to get the money from the cash register. Sixty dollars was obtained from the cash register. The robbers attempted to obtain money from the safe. Ultimately an employee was shot, and other employees fled the restaurant and notified the police. Mr. Jordan was arrested the next day. After being informed of his rights pursuant to *Miranda*, he confessed. Shoe prints at the crime scene matched shoes belonging to Mr. Jordan and the second person accused.

## I. TRIAL COURT DID NOT ABUSE ITS DISCRETION IN OVERRULING APPELLANT'S MOTION TO STRIKE THE ENTIRE VENIRE PANEL

Mr. Jordan claims that remarks made by a venireman during voir dire implied that he had committed crimes against the venireman and that those remarks tainted the jury against him. The record reflects that the venireman expressed concern regarding the

similarity in appearance to Mr. Jordan and the person who assaulted him about a year and a half earlier. Mr. Jordan claimed the venire panel could not be impartial after hearing the venireman's claim. The venireman, however, did not identify Mr. Jordan as his assailant. The venireman stated that his assailant was heavier, wore his hair differently, and had darker skin than Mr. Jordan. After the venireman's remarks and during a break from voir dire, defense counsel moved to strike the entire panel. The trial court denied the motion.

The court is vested with broad discretion in determining whether a jury panel should be dismissed. *State v. Reed*, 789 S.W.2d 140, 141 (Mo.App.1990). Disqualification of an individual juror due to remarks indicating bias or prejudice is generally not a sufficient ground in itself to challenge the entire jury panel. *State v. Bushman*, 642 S.W.2d 117, 120 (Mo.App.1982). A panel need not be disqualified unless remarks in the presence of the panel are so inflammatory and prejudicial that defendant's right to a fair trial is infringed upon. *Reed*, 789 S.W.2d at 141. The venireman did not identify Mr. Jordan as his assailant and described differing features of the two men. The panel could not reasonably have believed from the venireman's remarks that the venireman was describing Mr. Jordan. The trial court did not abuse its discretion in refusing to disqualify the entire venire panel.[2]

## II. THE TRIAL COURT DID NOT ERR IN SENTENCING APPELLANT AS A PRIOR PERSISTENT OFFENDER

The trial court, in the written judgment of conviction, sentenced Mr. Jordan to consecutive terms of life imprisonment for assault, ten years for armed criminal action, thirty years for robbery, and twenty years for the second count of armed criminal action as a prior, persistent and class X offender. Mr. Jordan does not dispute that evidence proved he is a prior and persistent offender. However, at the sentencing hearing, the trial

2. The record reflects that Mr. Jordan timely objected to the venireman's answers, and he requested that the panel be rejected. Mr. Jordan's third claim of error, raised in the alternative was that the trial court erred in denying his Rule 29.15 postconviction motion in which he claimed that his trial counsel failed to timely request that the venire panel be quashed following the venireman's remarks and, therefore, breached the 6th amendment minimum standard of competence. Mr. Hudson's trial counsel preserved the issue for appeal. Point III is denied.

court did not state that Mr. Jordan was being sentenced as a prior, persistent and class X offender. Mr. Jordan claims that the trial court was bound to sentence him under the court's oral sentencing pronouncement and the court's omission precludes his being sentenced as a prior, persistent and class X offender. He claims that oral pronouncements of sentence controls, citing *McCaine v. State*, 891 S.W.2d 419, 420 (Mo.App.1994).

To the extent *McCaine* stands for the proposition that a sentencing court's failure to state at the sentencing hearing that the defendant is being sentenced as a prior, persistent and class X offender precludes such sentence, it has been overruled. Once a trial court finds facts beyond a reasonable doubt showing that a defendant has been found guilty of two prior felonies, it has no discretion but to find the defendant to be a persistent offender. *Johnson v. State*, 938 S.W.2d 264, 266 (Mo. banc 1997). Having made that prior determination, the enhancement provision is automatic, and a trial court is not obligated to repeat at sentencing a previous finding that the defendant was a prior and persistent offender or even to mention those findings during the sentencing hearing. *Id.; State v. Hughes*, 944 S.W.2d 247 (Mo.App. W.D.1997); *State v. Richie*, 940 S.W.2d 58 (Mo.App. E.D.1997); *Thomas v. Dormire*, 940 S.W.2d 10 (Mo.App. W.D.1997). The sentencing court's failure to again mention it during the formal pronouncement of sentence is irrelevant. *State v. Parker*, 941 S.W.2d 759 (Mo.App. E.D.1997).

Mr. Jordan does not dispute the propriety of the state's proof or the trial court's finding designating him a prior and persistent offender. Having made those determinations, the trial court was required to sentence Mr. Jordan as a prior persistent offender. Mr. Jordan's second point is denied.

The judgment of convictions is affirmed, and the denial of the Rule 29.15 motion is affirmed.

All concur.