**STATE of Missouri, Respondent,**

v.

**Raymond GLASS, Appellant.**

No. 69170.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 30, 1997.

■

Allen I. Harris, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for respondent.

Before AHRENS, P.J., and CRANDALL and KAROHL, JJ.

### ORDER

Defendant, Raymond Glass, appeals from the judgment entered on his conviction of attempting to steal a fire arm. Sections 570.030.3(3)(d); 564.011 RSMo. (1994). De-

---

1. The *Mabie* court did not cite *Antwine* in its decision even though *Antwine* had been handed down more than a year earlier.

fendant also appeals from the motion court's denial, without an evidentiary hearing, of his Rule 29.15 motion for post-conviction relief. We have consolidated both appeals pursuant to Rule 29.15(*l* ) (1995). We affirm.

We have reviewed the briefs of the parties and the record on appeal and find no error. No jurisprudential purpose would be served by a written opinion as to defendants points I, II or III. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for this order.

In his fourth point, defendant asserts the motion court erred in not vacating the sentence imposed by the trial court since he is not subject to the minimum prison term provision as specified in section 558.019.5. At the sentencing hearing, the trial court made an oral declaration that it was sentencing defendant under the minimum prison term provision. However, in its written judgment, the trial court sentenced defendant as a persistent offender but not with a minimum sentence.

Defendant's Rule 29.15 motion alleged that the minimum prison term provision was not applicable since he committed the felony before the effective date of the statute. *See* Section 558.019.7. The motion court agreed with defendant but denied him relief since it found that the trial court, in its written judgment, did not sentence defendant under the minimum prison term provision. When the trial court's written judgment comports with the law, it must prevail over any oral declaration made at the sentencing hearing. *See Johnson v. State*, 938 S.W.2d 264, 265 (Mo. banc 1997). Thus, the trial court's oral declaration that it was sentencing defendant under the minimum prison term provision was mere surplusage and had no legal effect. Point denied.

The judgments of the trial court and motion court are affirmed in accordance with Rules 30.25(b) and 84.16(b).