

# Missouri Court of Appeals

## Southern District

### Division Two

CHRISTOPHER ALLEN BORNEMAN,   )
                                      )
             Appellant,   )
                                        )
    vs.                       )   No. SD35513
                                        )
STATE OF MISSOURI,         )   FILED: February 20, 2019
                                        )
            Respondent.   )

### APPEAL FROM THE CIRCUIT COURT OF CHRISTIAN COUNTY

Honorable Laura J. Johnson, Judge

## AFFIRMED

Having agreed and been ordered to pay restitution as part of his plea deal, Appellant ("Movant") now seeks to evade that obligation while keeping his plea otherwise intact. His first theory and the reasons it fails track those in today's companion opinion, **Borneman v. State**, SD35503, which finds that any error was invited by Movant and waived by his knowing and voluntary guilty plea. Movant's second theory – that restitution contradicts the orally-pronounced sentence – is refuted by the record. We affirm.

### Background

Movant is a persistent felony offender whose convictions date back to 1988. After a 2013 parole, he wrote bad checks and stole in at least four counties, leading to charges and his guilty pleas in each.[1] In Christian County, Movant agreed to pay

---

[1] Greene, Taney, Christian (this case), and Laclede (companion case SD35503) counties.

$3,909.87 restitution and plead guilty to four felonies in exchange for the state recommending eight-year caps concurrent with each other and with any other existing sentence.

At that plea hearing, Movant acknowledged the plea agreement's terms and that he was pleading guilty freely and voluntarily because he was guilty as charged. The court accepted the plea after making a thorough Rule 24.02 record, and at a later hearing, sentenced Movant according to his plea agreement – eight years on each count, with the sentences to run concurrently, and to pay restitution.

Movant timely sought Rule 24.035 relief,[2] which the motion court (also previously the sentencing court) denied after a hearing. Movant appeals that denial, raising two points.

### Point 1

We reject Movant's request to strike his agreed restitution obligation "while leaving the balance of his plea intact" for the same reasons as in SD35503. As we noted there, a guilty plea waives "all constitutional and statutory claims except jurisdictional defects and claims that the guilty plea was not made knowingly, voluntarily, and intelligently." ***Stanley v. State***, 420 S.W.3d 532, 544 (Mo. banc 2014). *See **Scheider v. State***, No. SD35415, slip op. at 3 (Mo.App. February 11, 2019)(by including restitution in a negotiated plea deal, movant invited any judicial error in ordering same). Point 1 does not raise a jurisdictional claim or charge that Movant's plea was involuntary or unknowing, so Movant's guilty plea waived this claim of error.

In addition, it is axiomatic that a defendant cannot take advantage of self-invited error. ***State v. Bolden***, 371 S.W.3d 802, 806 (Mo. banc 2012). This principle foreclosed relief in SD35503 and does so here as well.[3] Point 1 fails.

### Point 2

The trial court orally sentenced Movant as follows: "So it's the order and judgment of the Court that you will be sentenced to the Department of Corrections for a term of eight years. You will receive credit for time served. And that will run

---

[2] We have independently confirmed timeliness of the pro se and amended motions.

[3] To avoid repetition, supporting detail is provided under Point 2.

concurrently with any other existing sentences."

A written judgment entered the same day added that Movant "will be responsible for restitution under 559.105." Point 2 claims this provision is ineffective because the oral sentence did not mention restitution.

Where the orally-pronounced sentence is silent on a particular issue, "nothing prevents an appellate court from examining the entire record to determine if the oral sentence can be unambiguously ascertained." ***Johnson v. State***, 938 S.W.2d 264, 265 (Mo. banc 1997). Otherwise, "[e]ither the sentencing judge pronounces exactly the right words at exactly the right time, or the defendant receives a windfall reduction in sentencing, despite the court's clear intent to the contrary." ***Id***. This means "[w]here, as here, the formal pronouncement of sentence does not mention an issue, the full record should be examined." ***Id***.

Here, the record establishes that Movant and plea counsel signed a written plea agreement expressly requiring Movant "to pay restitution in the amount of $3909.87 whether [probation] granted or ordered to DOC." Under oath, Movant identified that agreement and confirmed to the plea court that he understood he "would be ordered to pay restitution in the amount of $3,909.87, whether probation is granted or not." The plea agreement, and restitution specifically, were again discussed before sentencing by Movant's counsel, and then by the prosecutor who reminded the court that restitution "can also be ordered now if he's sent to the Department of Corrections through 559.105." The written judgment and sentence entered later that day reflects the plea agreement's terms and expressly references § 559.105 as cited by the prosecutor during the sentencing hearing.

The written sentence followed the plea agreement and did not materially differ from the oral sentence. Point denied. ***Johnson***, 938 S.W.2d at 266.

## Conclusion

Movant does not raise a jurisdictional claim; complain that his guilty plea was not knowing and voluntary; seek to set aside his plea or vacate or reduce his prison sentences; or deny his negotiated plea deal, honored by the court and the

3

state, to pay the restitution he now challenges.  The motion court did not clearly err in denying Rule 24.035 relief on this record.  Judgment affirmed.

DANIEL E. SCOTT, J. – OPINION AUTHOR
JEFFREY W. BATES, J. – CONCURS
MARY W. SHEFFIELD, J. – CONCURS